IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| WATER DISTRICT NO. 1 OF JOHNSON COUNTY, KANSAS<br><br>*Plaintiff*,<br><br>v.<br><br>S.J. LOUIS CONSTRUCTION, INC.,<br><br>*Defendant/Third-Party Plaintiff*,<br><br>v.<br><br>CORE & MAIN, LP, and MUELLER CO., LLC.<br><br>*Third-Party Defendants.* | CIVIL ACTION NO. 2:21-CV-02070 |

**S.J. LOUIS CONSTRUCTION, INC.'S**
**FIRST AMENDED THIRD-PARTY COMPLAINT**

Defendant S.J. Louis Construction, Inc. ("S.J. Louis"), files this its First Amended Third-Party Complaint against Core & Main, LP and Mueller Co., LLC as follows:

**I.**
**PARTIES**

1. S.J. Louis is a corporation incorporated pursuant to the laws of the State of Minnesota with its principal place of business in Rockville, Minnesota. S.J. Louis has already appeared in this lawsuit and may be served through its counsel of record.

2. Core & Main, LP f/k/a HD Supply Waterworks, Ltd. ("Core & Main" or "HD Supply") is a limited partnership created and organized under the laws of the State of Florida with its principal place of business located at 1830 Craig Park Court, St. Louis, Missouri 63146. On information and belief, and after diligent search of publicly available information, Core & Main's sole general partner is Core & Main Intermediate GP, LLC, whose member is a citizen of the State

of Missouri. Core & Main's limited partners are not clearly identified, but after diligent search of publicly available information, on information and belief, they are citizens of the State of Missouri.[1] Core & Main is therefore a citizen of the State of Missouri for purposes of 28 U.S.C. § 1332. Core & Main has already appeared in this lawsuit and may be served through its counsel of record.

3.  Mueller Co., LLC ("Mueller") is a limited liability company created and organized under the laws of Delaware with its principal place of business located at 33 Chestnut Street, Chattanooga, Tennessee 37450. Its sole member, Mueller Water Products, Inc., is a corporation incorporated pursuant to the laws of Delaware with its principal place of business in Georgia. Mueller is therefore a citizen of the States of Delaware and Georgia for purposes of 28 U.S.C. § 1332. Mueller has already appeared in this lawsuit and may be served through its counsel of record.

## II.
## JURISDICTION

4.  This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

---

[1] A distinct and affirmative allegation of citizenship based on information and belief that all members are diverse is sufficient proof that diversity exists. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) (noting the complaint sufficiently alleged diversity in good faith based on information and belief); *see also Carolina Cas. Ins. Co. v. Tamp Equip., Inc., 741 F.3d 1082, 1087* (9th Cir. 2014) (stating that, when jurisdictional information rests exclusively within a party's control, it is permissible for the other side to, at least initially, "allege simply that the [other party is] diverse to it" and "to plead its allegations on the basis of information and belief"); *Med. Assurance Co. v. Heilman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state); *cf. Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) (the court found the citizenship allegations were insufficient because defendants did not affirmatively allege the states of citizenship of each partner and member; instead, defendants merely alleged that they believed none of those members or partners were citizens of Texas).

5. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the claims herein because such claims are so related to the other claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

## III.
## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as all or a substantial part of the events or omissions giving rise to S.J. Louis' claims occurred in Johnson County, Kansas. Specifically, the construction projects for which the allegedly defective in-line gate valves were installed are located in Johnson County, Kansas.

## IV.
## FACTS

7. In March 2014, S.J. Louis entered into a construction contract (the "Construction Contract") with Plaintiff Water District No. 1 of Johnson County, Kansas ("WaterOne"), pursuant to which S.J. Louis agreed to construct two large diameter water transmission pipelines for Project MP-15013 and Project MP-16007 (collectively referred to herein as the "S.J. Louis Projects") in Johnson County, Kansas.

8. On or about June 25, 2014, S.J. Louis entered into a Purchase Agreement with Core & Main, attached hereto as **Exhibit A**, in which Core & Main agreed to supply various items for the S.J. Louis Projects, including, but not limited to, in-line gate valves.

9. Pursuant to the Purchase Agreement, Core & Main agreed to, among other things, supply gate valves in conformance with the requirements of the Construction Contract for the S.J. Louis Projects. Core & Main further agreed to fully indemnify and hold S.J. Louis harmless from all claims for items Core & Main supplied to the S.J. Louis Projects.

10. Core & Main, an authorized distributor of Mueller products, supplied gate valves manufactured by Mueller to S.J. Louis for the S.J. Louis Projects pursuant to the Purchase Agreement.

11. Mueller was actively involved in the S.J. Louis Projects at various stages. Specifically, Mueller prepared technical data and other documentation as part of the submittal process, which were ultimately provided to Black & Veatch Corporation, WaterOne's designer of record for the S.J. Louis Projects. Furthermore, Mueller assisted in the testing, startup, and commissioning of the pipelines relating to the gate valves at issue. When WaterOne complained of the purported issues relating to the gate valves, Mueller investigated the claims alleged by WaterOne.

12. On February 9, 2021, WaterOne filed its Petition in the District Court of Johnson County, Kansas complaining of S.J. Louis and alleging that the gate valves that were manufactured by Mueller, supplied by Core & Main, and installed by S.J. Louis on the S.J. Louis Projects do not function pursuant to the requirements of the Construction Contract, resulting in alleged damages, including, but not limited to, damages to the pipelines. More specifically, WaterOne alleges that the gate valves do not open or close under "system conditions." The case was subsequently removed by S.J. Louis to this Court.

13. WaterOne's damages, if any, were caused by the wrongful and negligent acts and omissions of Core & Main and Mueller, who are responsible for, among other things, the supply and/or manufacture of the allegedly defective gate valves installed on the S.J. Louis Projects. Accordingly, to the extent WaterOne is entitled to recover against S.J. Louis, S.J. Louis is entitled to recover from Core & Main and Mueller.

# V.
# COUNT ONE
### BREACH OF CONTRACT BY CORE & MAIN

14. S.J. Louis incorporates and realleges the factual allegations in the above paragraphs as if fully copied herein.

15. Pursuant to the Purchase Agreement, Core & Main, as a subcontractor to S.J. Louis, was obligated to supply gate valves in conformance with the requirements of the Construction Contract for the S.J. Louis Projects.

16. To the extent, if any, the gate valves are determined not to be in conformance with the requirements of the Construction Contract for the S.J. Louis Projects, Core & Main breached the Purchase Agreement.

17. To the extent, if any, S.J. Louis is determined to be liable to WaterOne for damages incurred by WaterOne in connection the gate valves supplied by Core & Main for the S.J. Louis Projects, pursuant to the Purchase Agreement, S.J. Louis is entitled to recover from Core & Main all losses and expenses, including, but not limited to, attorney's fees, incurred by S.J. Louis through trial.

18. In the event WaterOne sustained damages as alleged, if any, and it is determined that those damages were proximately caused by the allegedly defective gate valves supplied by Core & Main and installed by S.J. Louis on the S.J. Louis Projects, then such damages were proximately caused, in whole or in part, by Core & Main's failure to perform its obligations under the Purchase Agreement, including, but not limited to, to supply gate valves in conformance with the requirements of the Construction Contract for the S.J. Louis Projects

## VI.
## COUNT TWO
### IMPLIED CONTRACTUAL INDEMNITY BY MUELLER

19. S.J. Louis incorporates and realleges the factual allegations in the above paragraphs as if fully copied herein.

20. Mueller was obligated to exercise a reasonable degree of care, skill, and knowledge in relation to its manufacture of the in-line gate valves on the S.J. Louis Projects.

21. To the extent that the gate valves are determined to be defective, Mueller breached its duty to exercise a reasonable degree of care, skill, and knowledge.

22. In the event WaterOne sustained damages as alleged, if any, and it is determined that those damages were proximately caused by the allegedly defective gate valves manufactured by Mueller, supplied by Core & Main, and installed by S.J. Louis on the S.J. Louis Projects, then S.J. Louis is entitled to implied contractual indemnity from Mueller for any judgment which S.J. Louis may be ordered to pay WaterOne.

## VII.
## CONDITIONS PRECEDENT

23. All conditions precedent to S.J. Louis' entitlement to assert the above claims and causes of action have occurred or have been satisfied, waived, or excused.

## VIII.
## RELIEF REQUESTED

WHEREFORE, S.J. Louis requests that the Core & Main, LP and Mueller Co., LLC be cited to appear and answer and, to the extent WaterOne is entitled to recover against S.J. Louis, that the Court enter judgment against Core & Main and Mueller and in favor of S.J. Louis for all losses and expenses incurred by S.J. Louis through trial, along with attorney's fees, costs, and

expenses, pre-judgment and post-judgment interest at the highest rate allowed by law, and such other and further relief at law or in equity to which S.J. Louis is entitled.

    Respectfully submitted,

    DYSART TAYLOR COTTER McMONIGLE & BRUMITT, P.C.

    */s/ Carol Z/ Smith*
    CAROL Z. SMITH    KS#13276
    4420 Madison Avenue Suite 200
    Kansas City, MO 64111
    (816) 931-2700
    Fax (816) 931-7377
    csmith@dysarttaylor.com

    AND

    CLARK HILL STRASBURGER

    */s/ Phillip W. Pemberton*
    PHILLIP W. PEMBERTON    KS#25920
    2600 Dallas Parkway, Suite 600
    Frisco, TX 75034
    Telephone:    (469) 287-3956
    Facsimile:    (469) 227-6596
    ppemberton@clarkhill.com

    AND

    S.J. LOUIS CONSTRUCTION, INC.

    PHILIPS J. VALLAKALIL    (Pro Hac Vice)
    TX#24086840
    520 S. 6th Avenue
    Mansfield, TX 76063
    (817) 477-0320
    Fax (817) 477-0552
    philipsv@sjlouis.com

    ATTORNEYS FOR DEFENDANT
    S.J. LOUIS CONSTRUCTION, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing 1st Amended Third Party Petition has been filed with the Court using the ECF system, which has forwarded a copy to all counsel of record on this 7th day of July, 2021, via electronic service.

Eric Arner
Darci Meese
WATER DISTRICT NO.1 OF
JOHNSON COUNTY, KANSAS
10747 Renner Boulevard
Lenexa, Kansas 66219
earner@waterone.org
dmeese@waterone.org

and

Michelle R. Stewart
HINKLE LAW FIRM
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219
mstewart@hinklaw.com

ATTORNEYS FOR PLAINTIFF

Robert J. Golterman
LEWIS RICE, LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
rgolterman@lewisrice.com

and

Scott A. Wissel
LEWIS RICE, LLC
1010 Walnut, Suite 500
Kansas City, Missouri 64106
sawissel@lewisricekc.com

ATTORNEYS FOR THIRD-PARTY
DEFENDANT CORE & MAIN, LP

Jason M. Zager
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
jzager@shb.com

ATTORNEY FOR THIRD-PARTY
DEFENDANT MUELLER CO., LLC


*/s/ Phillip W. Pemberton*
Phillip W. Pemberton